Jennifer Adams (Cal. Bar No. 319347)
Shashank Upadhye (*pro hac vice to be filed*)
Joseph E. Cwik (*pro hac vice to be filed*)
Samuel J. Ruggio (*pro hac vice to be filed*)
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Tel: (312) 466-1033
Email: chenpatents@amintalati.com

Mark B. Brueggemann
Clinton & Clinton
100 Oceangate Boulevard
Suite 1400
Long Beach, California 90802
Email: mbb@ClintonLaw.com

*Attorneys for Plaintiff*
*DEGUI CHEN, Ph.D.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DEGUI CHEN, Ph.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL E. JUNG, Ph.D., an individual and CHARLES L. SAWYERS, M.D., an individual,<br><br>Defendants. | Case No. 2:18-cv-02015 |

**COMPLAINT FOR CORRECTION OF INVENTORSHIP ON U.S. PATENT NOS. 8,445,507; 8,802,689; AND 9,388,159**

Plaintiff, Dr. Degui Chen ("Dr. Chen"), by and through his undersigned attorneys,

1

pursuant to 35 U.S.C. § 256, makes this Complaint against Defendants, Dr. Michael Jung ("Dr. Jung") and Dr. Charles L. Sawyers ("Dr. Sawyers") (collectively "Defendants") as follows:

**NATURE OF THE ACTION**

1. This is an action for the correction of inventorship under 35 U.S.C. § 256 with respect to U.S. Patent Nos. 8,445,507 ("the '507 Patent"), 8,802,689 ("the '689 Patent"), and 9,388,159 ("the '159 Patent"). A true and correct copy of the '507, '689, and '159 Patents are attached hereto as Exhibits A, B and C.

2. The '507 Patent, titled, "Androgen Receptor Modulator for the Treatment of Prostate Cancer and Androgen Receptor-Associated Diseases," issued on May 21, 2013 from U.S. Patent Application No. 12/294,881 ("the '881 Application"), and lists five co-inventors: Michael E. Jung, Charles L. Sawyers, Samedy Ouk, Chris Tran, and John Wongvipat. On its face, the '507 Patent lists The Regents of the University of California ("the Regents") as the assignee of the '507 Patent.

3. Plaintiff Dr. Chen is a joint inventor on the inventions claimed in the '507 Patent. Yet, through omission, inadvertence, and/or error, he was not named as an inventor along with the other five joint inventors.

4. The '689 Patent, titled "Androgen Receptor Modulator for the Treatment of Prostate Cancer and Androgen Receptor-Associated Diseases," issued on August 12, 2014 from U.S. Patent Application No. 13/615,085 ("the '085 Application"), and lists five co-inventors: Michael E. Jung, Charles L. Sawyers, Samedy Ouk, Chris Tran, and John Wongvipat. On its face, the '689 Patent lists The Regents as the assignee of the '689 Patent.

5. Plaintiff Dr. Chen is a joint inventor on the inventions claimed in the '689 Patent. Yet, through omission, inadvertence, and/or error, he was not named as an inventor along with the other five joint inventors.

6. The '159 Patent, titled "Substituted Diazaspiroalkanes As Androgen Receptor Modulators," issued on July 12, 2016 from U.S. Patent Application 14/318,234 ("the '234 Application"), and lists five co-inventors: Michael E. Jung, Charles L. Sawyers, Samedy Ouk, Chris Tran, and John Wongvipat. On its face, the '159 Patent lists the Regents as the assignee of

the '159 Patent.

7. Plaintiff Dr. Chen is a joint inventor on the inventions claimed in the '159 Patent. Yet, through omission, inadvertence, and/or error, he was not named as an inventor along with the other five co-inventors.

8. Dr. Chen is obligated to assign his rights in the '507, '689, and '159 Patents to the Regents via an employment agreement.

9. Dr. Chen requests that the Court order the Director for Patents of the United States Patent and Trademark Office ("USPTO") to correct the '507, '689, and '159 Patents to add Dr. Chen as a joint inventor.

10. There is no state forum available to vindicate Dr. Chen's inventorship rights due to the complete preemption of jurisdiction for state courts to hear patent cases.

11. This action calls for the interpretation of federal law under 35 U.S.C. § 116, § 256 and MPEP § 2137.04 - .05.

**THE PARTIES**

12. Plaintiff Dr. Degui Chen ("Dr. Chen") is an individual and resident of the People's Republic of China residing in Shanghai, China.

13. Dr. Jung is a citizen and resident of the State of California. He is the first named inventor on the '507, '689, and '159 Patents. On information and belief, Dr. Jung has no ownership interest in the patents but does have an economic stake in the patents' validity via his agreements with the University of California.

14. Dr. Sawyers is a citizen and resident of the State of New York. He is a named inventor on the '507, '689, and '159 Patents. On information and belief, Dr. Sawyers has no ownership interest in the patents but does have an economic stake in the patents' validity via his agreements with the University of California.

15. As University employees, Dr. Jung and Dr. Sawyers were required to assign all of the rights to their inventions that they conceived of during the tenure of their position to The Regents. In return, these joint inventors would receive an "inventor share." (Ex. D). Dr. Jung, Dr. Sawyers, Dr. Ouk, Mr. Tran, Mr. Wongvipat and Dr. Chen all have an economic interest in

3

who is listed as a joint inventor because the University of California Patent Policy requires that all joint inventors equally share in this "inventor share" which constitutes 35% of the net royalties and fees received by the University with respect to the '507, '689 and '159 patents.

## JURISDICTION AND VENUE

16. This action is brought under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*, and in particular, 35 U.S.C. § 256. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338.

17. Personal jurisdiction and venue are proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) because for purposes of personal jurisdiction and venue, a substantial part of the events or omissions giving rise to the claims occurred in this Judicial District. In addition, venue of this action is properly found in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) because the Defendants are subject to personal jurisdiction in this Judicial District.

## FACTUAL BACKGROUND

18. Plaintiff Dr. Chen is a molecular biologist and biochemist. He was trained as a biologist at Cold Springs Harbor Laboratory from 1995 to 1998. In 1998, he received his Ph.D. in molecular biology and biochemistry. In 1999, he began his work at the University of California, Los Angeles ("UCLA"). He started in Professor Charles Sawyers' laboratory at UCLA as a postdoctoral fellow to study the reason for prostate cancer drug resistance.

19. At the start of his employment, Dr. Chen signed an employment agreement. The agreement stated that Dr. Chen must assign all of the rights to his inventions that he conceived of during the tenure of his position to The Regents. In return, Dr. Chen would receive an "inventor share."

20. Dr. Chen has a financial interest in being named a joint inventor because the University Patent Policy requires that all joint inventors equally share in this inventor share which constitutes 35% of the net royalties and fees received by the University with respect to the '507, '689 and '159 patents. Dr. Chen's professional reputation also will be benefited by being named as a joint inventor to the '507, '689, and '159 patents.

21. On information and belief, the University of California is receiving, has received

22. From 1999 to 2003, Dr. Chen worked with a graduate student named Derek Welsbie. Together they discovered that the aberrant activity of the androgen receptor was the underlying reason for prostate cancer drug resistance. This discovery was published in Nature Medicine in January of 2004 and Dr. Chen is the first named author in the article. (Ex. E). Partially due to his discovery, he was promoted to Assistant Professor of Medicine at UCLA in 2003. While at UCLA, Dr. Chen developed compounds and methods for testing these compounds.

23. UCLA obtained a handful of patents for Dr. Chen's inventions.

24. For example, The Regents are facially listed as the assignee for the following patents: U.S. Patent Nos. 7,709,517 ("the '517 Patent"), 7,718,684 ("the '684 Patent"), 8,034,548 ("the '548 Patent"), 8,183,274 ("the '274 Patent"), and 9,126,941 ("the '941 Patent"). (Ex. F). Dr. Chen is a named inventor on all of the above-mentioned patents and receives royalties on the patents that generate monetary value via commercialization and/or licensing.

25. Four of the patents, the '517, '684, '274, and '941 patents, are directed to a class of compounds called the "RD" series. The RD series of compounds were developed as a therapeutic agent for the treatment of prostate cancer. In recognition of the significant value of these compounds, these patents were licensed to Medivation, Inc. in 2005. One of the compounds, RD 162', was developed into a drug called Xtandi®. (Ex. G). The FDA approved Xtandi® in 2012 as an androgen receptor inhibitor indicated for the treatment of patients with metastatic castration-resistant prostate cancer.

26. The chemical structure for Xtandi® is:

[Chemical structure diagram of enzalutamide (Xtandi®): a diphenyl-substituted thiohydantoin with one phenyl ring bearing NC (cyano) and $F_3C$ (trifluoromethyl) substituents, and the other phenyl ring bearing F (fluoro) and a C(=O)NH-CH$_3$ (N-methylcarboxamide) substituent; the central thiohydantoin ring shows S (thione) and O (carbonyl) groups with two methyl substituents.]

('517 Patent at Col. 115, ll. 36-45).
5

27. During their tenure, Professors Dr. Michael Jung and Dr. Charles Sawyers, along with Dr. Chen and Dr. Samedy Ouk (collectively "the group"), regularly held meetings in Dr. Michael Jung's office or other places. The group would get together to discuss what they were doing in terms of chemistry, biology, etc. Dr. Samedy Ouk was a postdoctoral organic chemist that routinely collaborated with Dr. Chen.

28. In a specific meeting held in August of 2004, the group (including Dr. Chen) met and discussed a few novel ideas for prostate cancer drugs. One such concept was the development of a compound similar to the RD series. The major idea was whether it was possible to create a heterocyclic six-membered ring. In other words, the group had discussed the idea of replacing one of the carbon atoms in one of the ring structures to a nitrogen atom, making it a heterocyclic ring. No one in the group was sure if it was possible to place a nitrogen atom in the left-hand ring because no such structures had been known in the literature.

29. In early October 2004, Dr. Chen and Dr. Samedy Ouk met for lunch to collaborate and to further discuss the addition of the heterocyclic (nitrogen containing) ring. In particular, they discussed which RD compound would suffice as a starting point for the new hypothetical compound. They jointly came to a conclusion to utilize RD37 as the starting point.

30. The chemical structure for RD37 is:

[Chemical structure diagram of RD37 showing a molecule with NC and F₃C substituents on one phenyl ring, a Me substituent on another phenyl ring, connected through an imidazolidine-thione ring with a spirocyclobutane and carbonyl group]

('941 Patent at Col. 89, ll. 15-25).

31. On October 13, 2004, consistent with the joint collaboration, Dr. Samedy Ouk emailed Dr. Chen to purchase a critical ingredient. (Ex. H). This ingredient, 3-(trifluromethyl)pyridine, was required for Dr. Ouk to synthesize the hypothetical compound. In fact, the '507 Patent expressly describes the synthesis of the claimed compounds; it states "… a mixture of 3-(trifluoromethyl)pyridine (1.476g, 10 mmol) and methyltrioxorhenium…" ('507

Patent at Col. 11, ll. 26-27).

32. After receiving the ingredient from Dr. Chen, on January 23, 2005, Dr. Ouk successfully synthesized the new compound, later to be called A51. (Ex. I).

33. The claimed chemical structure for A51 is:

[chemical structure diagram]

('507 Patent at Col. 30, ll. 45-53).

34. After Dr. Ouk synthesized A51, no one yet knew or could have predicted any utility and biological activity of A51. Dr. Ouk gave the newly synthesized A51 to Dr. Chen to test.

35. On February 15, 2005, Dr. Chen performed a series of tests, using his patented process, and conclusively established that A51 had therapeutic biological activity and thus could be developed into a drug for prostate cancer. (Ex. J).

36. In September 2005, Dr. Chen had resigned his position at UCLA.

37. In November 2005, Dr. Samedy Ouk disclosed the A51-related work to Professors Dr. Jung and Dr. Sawyers.

38. In late 2005 and/or early 2006, others at UCLA tested A51 using the drug testing system Dr. Chen invented to develop additional data on the biological activity of A51 (including comparisons with Xtandi®). Some of the additional data was included in the '507 and '689 Patent specifications.

39. Shortly after, The Regents, by and through the outside law firm of Kilpatrick Townsend & Stockton LLP, filed two provisional patent applications covering, *inter alia*, the A51 compound and methods of use: U.S. Provisional Application No. 60/833,790 filed July 28, 2006, and U.S. Provisional Application No. 60/785,978 filed March 27, 2006.

40. The Regents then filed utility applications, 12/294,881, 13/615,085, and

14/318,234, claiming priority to the two U.S. Provisional Applications.

41. The USPTO issued a Notice of Allowance for the '881 application, which matured into the '507 Patent on May 21, 2013. The USPTO issued a Notice of Allowance for the '085 application, which matured into the '689 Patent on August 12, 2014. The USPTO issued a Notice of Allowance for the '234 application, which matured into the '159 Patent on July 12, 2016.

42. These patents list the following same five inventors: Michael E. Jung, Charles L. Sawyers, Samedy Ouk, Chris Tran, and John Wongvipat.

43. These patents contain incorrect inventorship because Dr. Chen significantly contributed to the conception of one or more inventions claimed in the '507, '689, and '159 patents and thus is a joint inventor of the inventions claimed in the patents. Indeed, Dr. Chen significantly contributed to at least the following claims of the '507 Patent: 1-3, 10, 16-18, 20-21, and 24-28. Further, Dr. Chen significantly contributed to at least the following claims of the '689 Patent: 1-2, 7-9, and 11-19. Likewise, Dr. Chen significantly contributed to at least the following claims of the '159 Patent: 1-2, 4, 6-13, 15-16, 18-19, 21-22, 24-25, and 27-33.

44. On information and belief, The Regents have entered into a license agreement with Aragon Pharmaceuticals. The agreement includes licenses to the '507, '689, and '159 patents.

45. On information and belief, Johnson & Johnson purchased Aragon Pharmaceuticals, Inc. and is now the licensee of the '507, '689, and '159 patents.

46. On February 14, 2018, the FDA issued final approval to Janssen Biotech, Inc.—a wholly owned subsidiary of Johnson & Johnson—to market the claimed subject matter of the '507, '689, and '159 patents, under the trade name Erleada®. (*see* https://www.erleada.com/). Erleada® is the subject of New Drug Application ("NDA") 210951.

47. The error in not listing Dr. Chen as a joint inventor of the inventions claimed in the '507, '689, and '159 patents arose without any deceptive intent on Dr. Chen's part.

48. On information and belief, Dr. Chen was made aware of the '507 patent issuance as early as May 21, 2013. Approximately six months later, Dr. Chen and Dr. Ouk jointly attempted to correct the inventorship.

49. Dr. Chen and Dr. Ouk retained the law firm of Greenberg Traurig. On November

11, 2013, and on their behalf, their counsel sent a letter to The Regents informing them of the incorrect inventorship.

50. On information and belief, UCLA did not take any action to correct inventorship.

51. Dr. Chen then solely retained the law firm of Amin Talati Upadhye LLP.

52. On November 8, 2016, counsel from Amin Talati Upadhye LLP mailed a letter with a detailed factual basis demonstrating Dr. Chen's status as an inventor.

53. On information and belief, Amin Talati Upadhye LLP did not receive a response.

54. On February 10, 2017, counsel from Amin Talati Upadhye LLP mailed a follow up letter.

55. After a subsequent conference call with The Regents, their in-house and outside counsel, The Regents have not taken any action to correct the error.

56. Dr. Chen seeks only a determination of inventorship in the '507, '689, and '159 patents. He does not seek a determination in ownership of the '507, '689, and '159 patents.

57. Out of an abundance of caution, Dr. Ouk, Mr. Tran, Mr. Wongvipat, the Regents, and Johnson & Johnson will receive notice of this Complaint within 10 business days of its filing, via confirmed overnight delivery of a copy of this Complaint, and have the opportunity to be heard by the Court on these issues through Fed. R. Civ. P. 24 or otherwise if they so choose.

## COUNT I

### (Correction of Named Inventor on U.S. Patent 8,445,507
### Pursuant to 35 U.S.C. § 256 As To All Defendants)

58. The allegations of paragraphs 1 through 59 of this Complaint are repeated, realleged and incorporated herein as if fully set forth in this Count.

59. Dr. Chen made joint and independent conceptual contributions to the inventions claimed in claims 1-3, 10, 16-18, 20-21, and 24-28.

60. Through omission, inadvertence, and/or error, Dr. Chen was not listed on the '507 Patent as an inventor of the inventions claimed in the '507 Patent.

61. The omission of Dr. Chen as an inventor on the '507 Patent occurred without any deceptive intent on Dr. Chen's part.

## COUNT II

### (Correction of Named Inventor on U.S. Patent 8,802,689

### Pursuant to 35 U.S.C. § 256 As To All Defendants)

62. The allegations of paragraphs 1 through 63 of this Complaint are repeated, realleged and incorporated herein as if fully set forth in this Count.

63. Dr. Chen made joint and independent conceptual contributions to the inventions claimed in claims 1-2, 7-9, and 11-19.

64. Through omission, inadvertence, and/or error, Dr. Chen was not listed on the '689 Patent as an inventor of the inventions claimed in the '689 Patent.

65. The omission of Dr. Chen as an inventor on the '689 patent occurred without any deceptive intent on Dr. Chen's part.

## COUNT III

### (Correction of Named Inventor on U.S. Patent 9,388,159

### Pursuant to 35 U.S.C. § 256 As To All Defendants)

66. The allegations of paragraphs 1 through 67 of this Complaint are repeated, realleged and incorporated herein as if fully set forth in this Count.

67. Dr. Chen made joint and independent conceptual contributions to the inventions claimed in at least claims 1-2, 4, 6-13, 15-16, 18-19, 21-22, 24-25, and 27-33.

68. Through omission, inadvertence, and/or error, Dr. Chen was not listed on the '159 Patent as an inventor of the inventions claimed in the '159 Patent.

69. The omission of Dr. Chen as an inventor on the '159 Patent occurred without any deceptive intent on Dr. Chen's part.

## PRAYER FOR RELIEF

WHEREFORE, as to Count I of this Complaint, Dr. Chen respectfully requests that the Court issue an order directing the Director for Patents of the United States Patent and Trademark Office to correct U.S. Patent No. 8,445,507 by adding Dr. Chen as a joint inventor thereon and for such other relief as the Court deems just and proper.

WHEREFORE, as to Count II of this Complaint, Dr. Chen respectfully requests that the

Court issue an order directing the Director for Patents of the United States Patent and Trademark Office to correct U.S. Patent No. 8,802,689 by adding Dr. Chen as a joint inventor thereon and for such other relief as the Court deems just and proper.

WHEREFORE, as to Count III of this Complaint, Dr. Chen respectfully requests that the Court issue an order directing the Director for Patents of the United States Patent and Trademark Office to correct U.S. Patent No. 9,388,159 by adding Dr. Chen as a joint inventor thereon and for such other relief as the Court deems just and proper.

WHEREFORE, declare this to be an exceptional case under 35 U.S.C. § 285 and award Dr. Chen costs, expenses, and disbursements in this action, including reasonable attorneys fees.

Respectfully submitted,

AMIN TALATI UPADHYE, LLP

Dated: March 12, 2018

/s/ Jennifer Adams
Jennifer Adams (Bar No. 319347)
Shashank Upadhye
Joseph E. Cwik
Samuel J. Ruggio
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Tel: (312) 466-1033
Email: chenpatents@amintalati.com

Mark B. Brueggemann
Clinton & Clinton
100 Oceangate Boulevard
Suite 1400
Long Beach, California 90802
Email: mbb@ClintonLaw.com

*Attorneys for Plaintiff*
*Dr. Degui Chen*