Jennifer Adams (Cal. Bar No. 319347)
Shashank Upadhye (*pro hac vice*)
Joseph E. Cwik (*pro hac vice*)
Samuel J. Ruggio (*pro hac vice*)
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Tel: (312) 466-1033
Email: chenpatents@amintalati.com

Mark B. Brueggemann
Clinton & Clinton
100 Oceangate Boulevard
Suite 1400
Long Beach, California 90802
Email: mbb@ClintonLaw.com

*Attorneys for Plaintiff*
*DEGUI CHEN, Ph.D.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEGUI CHEN, Ph.D., an individual, | Case No. 2:18-cv-02015-R-KS |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER** |
| MICHAEL E. JUNG, Ph.D., an individual and CHARLES L. SAWYERS, M.D., an individual, | |
| Defendants. | |
| | Complaint Filed: March 12, 2018 |
| | Trial Date: March 5, 2019 |

## STIPULATED PROTECTIVE ORDER

Pursuant to the Stipulation for good cause filed by Plaintiff Dr. Degui Chen and Defendants Dr. Jung and Dr. Sawyers (collectively the "Parties"), the Court hereby enters this Protective Order (the "Order") to protect confidential information and material that may be produced or otherwise disclosed by the Parties or third parties during the course of discovery in this case and in order to facilitate the exchange of information and documents that may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights.

IT IS HEREBY STIPULATED AND AGREED TO, SUBJECT TO THE APPROVAL AND ORDER OF THE COURT THAT:

1. **Definitions**

(a)     Action: The term "Action" shall mean the above-entitled action, *Chen v. Jung & Sawyers*, No. 2:18-CV-02015-R-KS, currently pending in the U.S. District Court for the Central District of California.

(b)     Designated Material: The term "Designated Material" shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, which comprises or contains information that the Producing Party claims in good faith to constitute or relate to sensitive proprietary information, such as trade secrets or other confidential research, development, or commercial information, as more specifically set forth below:

(i)     HIGHLY CONFIDENTIAL: The term "HIGHLY CONFIDENTIAL" shall mean and include information of the Producing Party that is of such a sensitive nature that it supports a reasonable good faith belief that granting access to such information to an employee, consultant or officer of a competitor, or an opposing party will place the Producing Party at a competitive disadvantage, that is not publicly known, and which the Producing Party would not normally disclose to the Receiving Party, including the Producing Party's highly sensitive trade secrets or other highly sensitive competitive or confidential

information that is not publicly available (e.g., inventions in progress, unpublished patent applications and their prosecution histories (foreign and domestic)), commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), financial information (including, for example, budgeting, accounting, and sales figures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and personnel information (including, for example, compensation, evaluations, and other employment information).  Designated Material that is designated HIGHLY CONFIDENTIAL may be disclosed only to the individuals identified in Paragraph 7(a) below.

(ii)     CONFIDENTIAL: The term "CONFIDENTIAL" shall mean and include other information of the Producing Party that is not publicly known and which the Producing Party would not normally reveal to third parties or, if disclosed, would require such third parties to maintain in confidence, including the Producing Party's confidential personal or business information, medical or psychiatric information, personnel records, or such other sensitive commercial information this is not publicly available.  Information designated CONFIDENTIAL shall include technical, research and development information, including, for example, laboratory notebooks; development reports; technical reports; testing records; past research plans; market and demographic research; and product and advertising development.  Designated Material that is designated CONFIDENTIAL may be disclosed only to the individuals identified in Paragraph 7(b) below.

(c)     Discovery Material: The term "Discovery Material" shall mean any document, thing, electronically stored information, material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories,

responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

(d)     Producing Party: The term "Producing Party" shall mean any party to this Action or any third party, including its counsel, retained experts and consultants, directors, officers, employees, or agents, who produces any Discovery Material in this Action.

(e)     Receiving Party: The term "Receiving Party" shall mean any party to this Action, including its counsel, retained experts and consultants, directors, officers, employees, or agents, who receives any Discovery Material in this Action.

2.     **Scope**

The scope of this Order shall be understood to encompass Designated Material which is expressly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, other materials which may be subject to restrictions on disclosure for good cause, and any information derived therefrom, including all copies, excerpts, and summaries thereof, whether partial or complete, as well as testimony and oral conversations which reveal all or part of that information.  This Order is subject to the Local Civil Rules of the U.S. District Court of the Central District of California.  Nothing in this Order shall obligate a Party or third party to produce any materials.

3.     **Procedure for Marking Designated Material**

Marking designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be made by the Producing Party in the following manner:

(a)     A Producing Party may designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL only that portion of Discovery Material that it reasonably and in good faith believes meets the definitions in Paragraphs 1(b)(i) and 1(b)(ii), above.

(b)     In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by stamp or other clear marking on each page of the document or on the cover in a manner that will not interfere with legibility of the document or in a prominent place on any other tangible thing prior to production of the document or tangible thing.

(c)     In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection. For the purposes of the inspection, all documents produced for inspection shall initially be considered as marked "HIGHLY CONFIDENTIAL."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party shall mark Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

(d)     In the case of deposition testimony, transcripts, or portions thereof, designation shall be made by the Producing Party by either (i) indicating on the record during the deposition, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," or (ii) notifying the reporter and all counsel of record, in writing, within thirty (30) days after the reporter sends written notice to the deponent or the deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice will be responsible for marking as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the copies of the designated transcript or portion thereof in their possession or under their control as directed by the Producing Party or deponent.  Pending expiration of the thirty (30) day period, all Parties and, if applicable, any third-party witnesses or attorneys, will treat the entire deposition transcript as if it had been designated "HIGHLY CONFIDENTIAL."  No person shall attend the portions of such depositions designated HIGHLY CONFIDENTIAL unless such person is an

authorized recipient of material designated HIGHLY CONFIDENTIAL under the terms of this Order or the Parties agree to such person's attendance.

(e)     The designations CONFIDENTIAL or HIGHLY CONFIDENTIAL do not mean that the Designated Material has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

(f)     Public records and other information or materials that are publicly available may not be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

4.     **Unintentional Failure To Designate**

If, through inadvertence, a Producing Party provides any Designated Material in this Action without designating and marking the Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material in writing.  Thereafter, the Receiving Party will treat the disclosed Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, to the extent the Receiving Party has not disclosed this Designated Material.  Disclosure of such Designated Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  In the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party promptly will take the steps reasonably necessary to conform distribution to the categorical designation, *i.e.*, by retrieving or destroying all copies of the Designated Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Designated Material and advising the person to whom disclosure was made that the material is confidential and should be treated as provided in the Order, and to confirm to the Producing Party in writing such retrieval or destruction.  In the event the materials were previously

submitted to the Court in a filing or motion, the Parties shall cooperate in taking steps reasonably necessary to conform the filing or motion to the categorical designation, for example by cooperating to allow the Producing Party to file any motion or request to the Court to seal such Designated Material, in accordance with the Court's rules and procedures.  Nothing herein shall prevent a Receiving Party from challenging the designation of the documents in accordance with Paragraph 10 below.  In the event the Receiving Party believes it has been prejudiced by any such inadvertent failure to designate, the Receiving Party may contest the designation as set forth in Paragraph 10 below.

### 5. **Unintentional Disclosure of Designated Material**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Attachment A; and (d) confirm in writing to the Producing Party the destruction or return of such material and all copies and derivations (including any notes or work product made therefrom).

### 6. **Unintentional Disclosure of Privileged Information**

Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest doctrine, or any other privilege or immunity prior to the disclosure of any such documents or material.  If, however, a party unintentionally discloses documents or material that is privileged or otherwise immune from discovery, within ten (10) days of the date of discovery of the unintentional disclosure, the

Producing Party (or the Party holding the privilege or protection if produced by a third party, such as an outside law firm) shall provide written notice to the Receiving Party of the claimed privilege or immunity, request the documents or material be returned, and attach a privilege log entry pertaining to the documents or material that is privileged or otherwise immune from discovery. If that written request is made and the privilege log provided, no Party to this Action thereafter shall assert that such inadvertent disclosure waived any privilege, immunity, or protection. Absent a Court order or agreement of the Parties to the contrary, no use shall be made of such documents during deposition, at trial, or in any filing or motion, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them. It is further agreed that the Receiving Party will return or destroy such inadvertently produced documents or material, all copies and derivations (including any notes or work product made therefrom), within five (5) days of the Receiving Party's receipt of a written request for the return of the documents or material, and shall certify such return or destruction in writing to the Producing Party. The return of such items shall not be construed as an agreement by the returning Party that the information is, in fact, protected by any privilege or immunity. In the event that only a part of the documents or material is claimed to be privileged or otherwise immune from discovery, the Producing Party giving notice shall promptly furnish to the Receiving Party a redacted copy of such document or material, redacting only the part(s) thereof claimed to be privileged or immune from discovery. The Receiving Party, having returned or destroyed the inadvertently produced documents or material may thereafter seek production of any such documents in accordance with the Federal Rules of Civil Procedure, but cannot assert that the privilege has been waived due to unintentional disclosure. These procedures are not intended to limit in any way the right of a Party to argue under Federal Rule of Evidence 502 or any other law that any inadvertent production did not constitute a waiver.

7. **Access to Designated Material**

(a)     Access – HIGHLY CONFIDENTIAL.  Designated Material marked "HIGHLY CONFIDENTIAL" shall be available only to the following persons subject to terms of Paragraph 8:

(i)     Outside counsel of record to any Party in connection with this Action and the outside counsel's partners, counsel, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to materials designated HIGHLY CONFIDENTIAL;

(ii)     Outside vendors, contractors, or service providers and their employees retained by counsel to a Party for the purpose of furnishing services such as document processing, document coding, court reporting services, the creating of any computer database from documents, document management, copying services, or graphics or design services preparing demonstratives or other exhibits for this Action;

(iii)     Any mediator or arbitrator that the Parties engage for this Action or that this Court appoints for this Action;

(iv)     Authors, preparers, or drafters; addressees; anyone else who received the documents or information prior to the commencement of this Action or during this Action, but only if they obtained the document or information outside of this Action and not in violation of this Order, as demonstrated by the Designated Material itself or foundation testimony during a deposition or trial, but such individual shall not be permitted to retain any such materials or things or any copies thereof unless otherwise authorized to receive such information under this Order.  In the case of former employees/consultants of the Producing Party permitted access under this provision, (a) the former employee/consultant reviews this Order and executes the Acknowledgement of Protective Order attached as

Attachment A prior to receiving Designated Material, (b) the former employee/consultant of the Producing Party is not employed or retained by the Receiving Party, and (c) Designated Material is shared with the former employee/consultant of the Producing Party only during a deposition taken in this Action. In the case of Plaintiff Dr. Chen, to the extent that the Designated Material on its face demonstrates that Dr. Chen was an author, preparer, or drafter; addressee; or individual who received the documents or information prior to the commencement of this Action, Dr. Chen shall be permitted access under this provision, provided that Dr. Chen reviews this Order and executes an Acknowledgement of Protective Order attached as Attachment A prior to receiving Designated Material, and adheres to one of the following processes:

            (a)      The Designated Material is shared with Dr. Chen only within the United States in the presence of Plaintiff's outside counsel of record, or during a deposition taken in this Action, or during trial; or

            (b)      Plaintiff's counsel serves a written notice on the Producing Party identifying, by beginning and end Bates numbers, the Designated Material to which Dr. Chen requests access. The Producing Party shall have five (5) days from receipt of such notice to respond in writing, permitting or objecting to such disclosure to Dr. Chen on an item-by-item basis, referring specifically to such beginning and end Bates numbers of Designated Material identified by Plaintiff's counsel. If the Parties cannot reach agreement on disclosure to Dr. Chen, Plaintiff may apply to the Court for an order that disclosure should be permitted within ten (10) days of receipt of the Producing Party's objection. The burden of establishing the permissibility of disclosure to Dr. Chen rests with Plaintiff. Before filing any motions requesting disclosure of Designated Material to Dr. Chen, Plaintiff shall have an obligation to meet and confer with the Producing Party in a good faith effort to resolve the objection by agreement. If Plaintiff does not apply to the Court within the prescribed period, Plaintiff's request for disclosure to Dr. Chen shall be

deemed withdrawn.  No disclosure of the Designated Material shall be made to Dr.

Chen until the time for the Producing Party to serve objections to the Designated

Material identified by Plaintiff's counsel by beginning and end Bates number has

passed, or, in the event that a written objection is timely served and a submission to

request disclosure to Dr. Chen is filed, until such time as the Court has made a

ruling thereon, and then, only in accordance with such ruling;

    (v) Approved consultants or experts and their staff retained

by any of the Parties or their counsel in connection with this Action to consult or

testify in the case;

    (vi) Court reporters, recorders, and stenographers engaged for

depositions in this Action;

    (vii) Jury or trial consulting services retained by a Party to this

Action;

    (viii) Mock jurors retained by a Party to this Action;

    (ix) The Court, including Judges, Magistrate Judges, law

clerks, clerical or support personnel of the Court before which this Action is

pending, and qualified court reporters; and

    (x) Any other person authorized to receive HIGHLY

CONFIDENTIAL Designated Material by order of the Court or by written

agreement of the Parties.

   (b) Access – CONFIDENTIAL.  Designated Material marked

"CONFIDENTIAL" shall be available only to the following persons subject to

terms of Paragraph 8:

    (i) The persons described in Paragraphs 7(a)(i) through

7(a)(x) above;

    (ii) For Defendants (collectively), three (3) in-house counsel

from the Regents of the University of California, whose assistance is reasonably

necessary and who agree to be bound by the terms of this Order and execute an

Acknowledgement of Protective Order attached as Attachment A prior to receiving Designated Material. In the event that one or more of the below identified designated in-house counsel ceases to have responsibilities relating to this Action, Defendants may designate another in-house counsel to replace such person upon giving written notice of such change to Plaintiff. The designated in-house counsel are: (1) __; (2) __; and (3) __;

(iii) For the Plaintiff, Dr. Chen, who agrees to be bound by the terms of this Order and executes an Acknowledgement of Protective Order attached as Attachment A prior to receiving Designated Material; and

(iv) Any other person authorized to receive CONFIDENTIAL Designated Material by order of the Court or by written agreement of the Parties.

8. **Conditions on Access to Designated Material**

(a) Consultants and Experts. Before disclosing, giving, showing, making available, or communicating Designated Material to any expert or consultant under Paragraphs 7(a)(v) or 7(b)(i) above, the Receiving Party shall:

(i) Serve a notice on the Producing Party identifying the following information: expert or consultant's full name, business address, and business telephone number(s); expert or consultant's present employer and position (along with a job description); any previous or current relationship, if any, with the Receiving Party or the Shanghai Institutes for Biological Sciences; job history, including a list of each person or entity from whom the expert or consultant has received compensation, and a list of prior consulting relationships at any time during the preceding five (5) years; and by name and number of case and location of court any litigation in which the expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition, trial, or other proceeding within the preceding five (5) years. Furthermore, if available or reasonably obtainable, the most recent *curriculum vitae* or resume of the expert or consultant shall be provided under this Paragraph. If the most recent

*curriculum vitae* or resume of the expert or consultant provides the information required under this Paragraph, then the information need not be separately provided.

(ii)     Include with such notice, a copy of the Acknowledgement of Protective Order, in the form shown in Attachment A, which is attached hereto, signed by the expert or consultant and including all the information to be completed therein.  The Producing Party shall have five (5) days from receipt of such notice and Acknowledgement of Protective Order to object in writing to such disclosure to the expert or consultant.  The objection shall identify with particularity the reasons why such expert or consultant should not receive the Designated Material.

(iii)     If the Parties cannot reach agreement on disclosure to the expert or consultant, the party objecting to such expert or consultant may apply to the Court for an order that disclosure is improper within ten (10) days of its objection.  The burden of establishing the validity of such written objection rests with the objecting party.  Before filing any motions or objections to disclosure to an expert or consultant, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If the objecting party does not apply to the Court within the prescribed period, the objection shall be deemed withdrawn.

(iv)     No disclosure of the Designated Material shall be made to the proposed expert or consultant until the time for serving objections to that expert or consultant has passed, or, in the event that a written objection is timely served and a submission to prevent disclosure is filed, until such time as the Court has made a ruling thereon, and then, only in accordance with such ruling.

(v)     The filing and pendency of objections shall not limit, delay, or defer any disclosures of Designated Material to anyone as to whom no objection has been made, nor shall it delay or defer any other pending discovery

unless the level of confidentiality bears directly on the objecting party's ability to conduct such discovery.

(b)     Authorization and Acknowledgement.  Each person to whom Designated Material is to be given, shown, disclosed, made available, or communicated in any way in accordance with this Order (excluding the Court (e.g., Judges, Magistrate Judges, law clerks, and clerical or support personnel of the Court before which this Action are pending, and qualified court reports), court reporters, recorders, and stenographers engaged for depositions in this Action, and outside counsel of record to any Party in connection with this Action and the outside counsel's partners, counsel, associates, attorneys, data entry, information processing, computer support, artist, translating, stenographic, clerical, and paralegal employees or agents whose duties and responsibilities require access to materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL), shall first execute an Acknowledgment of Protective Order in substantially the form shown in Attachment A.  Counsel for the Receiving Party shall keep in his or her files an original of each such executed Acknowledgment of Protective Order until one (1) year after the final termination of this Action.

9.     **Procedures for Filing Papers with Designated Material**

(a)     Designated Material may be included with, or referred to in, papers filed with the Court where this Action is now pending or in any other court only in accordance with the following procedures:

(i)     The Designated Material must be filed under seal in accordance with the applicable procedures set forth in Central District of California L.R. 79-5, effective June 1, 2018, and any orders of the Court.

(ii)     All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be filed under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing

materials set forth in Central District of California L.R. 79-5.  Counsel for the party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" depending on the contents of the papers being filed.  Such papers shall be subject to the terms of this Order.

(b)     After leave of Court to file under seal has been granted, redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with Central District of California L.R. 79-5.2.2(c), and made publicly available provided that:

(i)     All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

(ii)     Redacted versions of the papers are clearly marked "Redacted Public Version" or a similar legend.  Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

10.     **Challenges to the Designation**

(a)     No party to this Action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this Action or any other actions to the propriety of such designation.

(b)     Any party or nonparty with standing to object (hereinafter "challenging party") may contest a claim of confidentiality.  Any challenging party objecting to the designation of any Designated Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL must serve upon outside counsel of record for the Producing Party a written notice stating with particularity the grounds of the objection.  Failing resolution after ten (10) days of service of the written notice of

its reasons for the objection, the challenging party may seek an order changing or removing the designation. In the resolution of such matter, the Producing Party asserting confidentiality shall have the burden of proving that the material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL warrants protection under the Order, but information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed as such until the matter is resolved. Before filing any motions or objections to a confidentiality designation with the Court, the challenging party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming, changing, or removing the designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the Producing Party shall serve on all parties a notice specifying the Designated Material and nature of the agreement.

11. **Restrictions on Disclosure and Use**

(a) Confidentiality. Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) (i) shall be kept confidential and used solely for the prosecution and defense of this Action and any appeals thereto, or attempting to settle this Action, and not used in any other proceeding in this or any other jurisdiction or before any government or regulatory body including the U.S. Patent and Trademark Office ("PTO") and U.S. Food and Drug Administration ("FDA"), and (ii) shall not be given, shown, made available, discussed, or otherwise communicated in any manner, to any person not authorized to receive the information under the terms of this Order, unless and to the extent that this Order is otherwise modified by Court order. Designated Material shall not be used for any business, commercial, regulatory, competitive, personal, or other purpose. In particular, Designated Material disclosed in this Action shall not be used for prosecution of any patent application(s) (foreign or domestic), as a basis for judicial or administrative action, or submission to or communication with any foreign or

domestic government agency or regulatory body including FDA and the PTO, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by order of the Court. Designated Material disclosed in this Action shall not be used in any other litigation. Any summary, compilation, notes, memoranda, analysis, electronic image, or database containing Designated Material shall be subject to the terms of this Order to the same extent as the material or information from which such summary, compilation, notes, memoranda, analysis, electronic image, or database is derived.

(b)     Maintenance of Designated Material. Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of Designated Materials pursuant to the terms of this Order. Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

(c)     Nothing contained in this Order, however, will affect or restrict the rights of a Producing Party with respect to its own Designated Material.

12.     **Non-Party Request/Subpoena of Designated Material**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to the outside counsel of record for the Producing Party within ten (10) days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process. If the Producing Party timely seeks a protective order, the Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a court order or consent of the Producing Party. In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

## 13. Final Disposition

Within sixty (60) days of the final disposition of this action (i.e., termination, dismissal, settlement, or final judgment on this Action, including exhaustion of all appeals), the originals and all copies of Designated Material shall either be destroyed or turned over to the Producing Party, or to their respective outside counsel. If Designated Material is destroyed pursuant to this Paragraph, outside counsel for the Receiving Party shall provide by the sixty (60) day deadline a written certification to outside counsel for the Producing Party that affirms that the destruction was performed and that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Designated Material. Notwithstanding this provision, outside counsel of record in this Action may retain an archival copy of all pleadings, court filings, motion papers; trial, deposition, and hearing transcripts; expert reports; correspondence; attorney and consultant work product; and deposition and trial exhibits for archival purposes, even if such materials contain Designated Material, and all such archival material shall continue to be Designated Material subject to this Order. The Receiving Party shall provide to outside counsel for the Producing Party a certification that electronic copies have been deleted from active media. Nothing in this Order shall require the Receiving Party to search inactive media (for example, back-up tapes and/or disaster-recovery tapes or media) to destroy from such sources documents or material covered by this Order. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this Action.

## 14. Termination

The Parties agree and acknowledge that the terms of this Order shall survive the termination of the Action, and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court of competent jurisdiction)

orders otherwise.

### 15.   **Information Not Covered by this Order**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this Order.

### 16.   **Responsibility of Attorneys**

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under Paragraph 7 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.  All copies, electronic images, duplicates, extracts, summaries, descriptions, and translations of Designated Material, or any individual portion of such Designated Materials must be appropriately marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and are subject to this Order, including Paragraph 13 of this Order.

### 17.   **No Limitation of Other Rights**

This Order shall be without prejudice to the right of any Party to oppose production of any information on any and all grounds other than confidentiality.

### 18.   **Release From or Modification of this Order**

This Order is entered without prejudice to the right of any Party to apply to the Court at any time for additional protection; or to release, rescind, or modify the restrictions of this Order; to determine whether a particular person shall be entitled to receive any particular information; or to seek relief from inadvertent disclosure of privileged or work-product information.  This Order does not preclude all of the

Parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any application seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

### 19. **Other Proceedings**

By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order in another case shall promptly notify that Party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

### 20. **Discovery from Third Parties**

If discovery is sought of a person not a Party to this Action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the Parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the Parties' Designated Material pursuant to this Order.

### 21. **Admissibility**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any Court proceeding related to this Action. The marking of Designated Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this Action pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings,

provided, however, that every effort shall be made, through the use of procedures agreed upon by the Parties or otherwise, to preserve the confidentiality of Designated Material marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any materials produced or used in discovery or at trial.

22. **Use of Designated Material or Information at Trial**

All trials are open to the public. Absent order of the Court, there will be no restrictions on the use of any material that may be introduced by any Party during the trial. If a Party intends to present at trial Designated Material or information derived therefrom, such party shall provide advanced notice to the other Party at least five (5) days before the commencement of trial by identifying the Designated Material or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.) without divulging the actual Designated Material. The Court may thereafter make such orders as are necessary to govern the use of such Designated Material or information at trial.

23. **No Prior Judicial Determination**

This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any Designated Material is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific material or issue.

24. **Counsel's Right To Provide Advice**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's Party-client with respect to this Action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the

Party-client, the counsel shall not disclose any Designated Material to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

25.  **No Contract**

To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order. The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

26.  **Effective Date**

This Order shall be effective on the date of its execution provided that all materials previously produced shall be deemed HIGHLY CONFIDENTIAL unless and until they are re-designated by the Producing Party or by further order of the Court. The Parties acknowledge that any disclosure or exchange of material that has occurred prior to the date of entry of this Order is subject to this Order.

27.  **Persons Bound**

This Order shall be binding upon all counsel and their law firms, the Parties, and persons made subject to this Order by its terms. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.


**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**


Dated: November 6, 2018          **AMIN TALATI UPADHYE, LLP**

By:  /s/ Samuel J. Ruggio
     Samuel J. Ruggio

     Jennifer Adams (Bar No. 319347)
     Shashank Upadhye
     Joseph E. Cwik
     Samuel J. Ruggio

AMIN TALATI UPADHYE, LLP
100 S. Wacker Drive, Suite 2000
Chicago, IL 60606
Email: chenpatents@amintalati.com

Mark B. Brueggemann
Clinton & Clinton
100 Oceangate Boulevard, Suite 1400
Long Beach, CA 90802
Email: mbb@ClintonLaw.com

*Attorneys for Plaintiff*
*DEGUI CHEN, Ph.D.*

Dated: November 6, 2018        **CROWELL & MORNING LLP**

                        By:    /s/ Gabriel Ramsey
                               Gabriel M. Ramsey

                               Emily T. Kuwahara
                               CROWELL & MORING LLP
                               515 South Flower St., 40th Floor
                               Los Angeles, CA 90071
                               Tel: (213) 622-4750
                               Fax: (213) 622-2960
                               Email: EKuwahara@crowell.com

                               Gregory D. Call
                               Gabriel M. Ramsey
                               CROWELL & MORING LLP
                               3 Embarcadero Center, 26th Floor
                               San Francisco, CA 94111
                               Tel: (415) 986-2800
                               Fax: (415) 986-2827
                               Email: GCall@crowell.com
                               Email: GRamsey@crowell.com

                               *Attorneys for Defendants*
                               *MICHAEL E. JUNG, Ph.D., and*
                               *CHARLES L. SAWYERS, M.D.*

Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concurs in the filing's content and have authorized the filing.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: November 13, 2018

_____
HON. MANUEL L. REAL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DEGUI CHEN, Ph.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL E. JUNG, Ph.D., an individual and CHARLES L. SAWYERS, M.D., an individual,<br><br>Defendants. | Case No. 2:18-cv-02015-R-KS<br><br><br>**ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

I, _____, state that:

1.     My present address is: _____

_____.

2.     My present employer is: _____

and the address of my present employer is _____

_____.

3.     My present occupation or job description is:

_____.

4.     I have received a copy of the Protective Order (the "Order") entered in the case of *Chen v. Jung et al.*, United States District Court – Central District of California, Case No. 2:18-cv-02015.

5.     I have read and understand the Order. I hereby agree to be bound by and to comply with all of the terms of the Order, including holding in confidence and not disclosing to any unqualified persons all documents, things, or information subject to the Order.

6.     I hereby expressly covenant that I will use the documents, things, or information subject to the Order solely for purposes relating to the above-

referenced litigation and that I will not use such documents, things, or information subject to the Order or information derived therefrom, directly or indirectly, for any other purpose.  Further, I expressly covenant that I will not use such documents, things, or information subject to the Order or information derived therefrom, directly or indirectly, for the benefit of myself or any other person or entity.  I understand that I must abide by all of the provisions of the Order.

7.    At the termination of this litigation, or any time requested by outside counsel for the Party by whom I am engaged, I expressly covenant that I will return or destroy all documents, things, or information, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting documents, things, or information subject to the Order that have come into my possession, and I will return or destroy all documents or things I have prepared relating to or reflecting such information.  If requested by outside counsel for the Party by whom I am engaged, I will also provide a Declaration, submitted under penalty of perjury, certifying that I have returned or destroyed all such materials.

8.    I understand that if I violate the provisions of the Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages.  I hereby consent to the jurisdiction of the United States District Court – Central District of California for the purpose of enforcing the Order and this agreement to be bound thereby.

9.    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Dated: _____       _____
                                   Signature

                                   _____
                                   Print Name

No. 2:18-cv-2015-R-KS

PROTECTIVE ORDER